IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD J. BAXTER,<br><br>Plaintiff,<br><br>vs.<br><br>DARREN BRYCE,<br><br>Defendant. | CV 13-00083-GF-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Mr. Baxter alleges Defendant Bryce violated his First Amendment rights when he returned three books Mr. Baxter had ordered because one of the books contained nudity. (Complaint, Doc. 2.) Liberally construed, Mr. Baxter has stated a claim under the First Amendment to the United States Constitution. Defendant Bryce must respond to that claim. Mr. Baxter has not alleged that he was deprived of a constitutionally-protected property interest in the books at issue. His Fourteenth Amendment due process claims should be dismissed.

## JURISDICTION

Mr. Baxter filed this action in federal court, in the Great Falls Division of

1

the District of Montana. (Complaint, Doc. 2.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Baxter is a prisoner in the custody of the State of Montana. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d

3

531, 538 (9th Cir. 1989).

**First Amendment**

A prison regulation that impinges on inmates' constitutional rights is valid only if it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 88 (1987). "[A] regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational." *Id.* at 89.

In determining whether a prison regulation is reasonably related to a legitimate penological interest, the following factors are relevant:

> (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.

*Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001)(*citing Turner*, 482 U.S. at 89–90). "[I]f a regulation is not rationally related to a legitimate and neutral governmental objective, a court need not reach the remaining three factors." *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005). In conducting this analysis, courts must give "substantial deference to the professional judgment of prison administrators." *Beard v. Banks*, 548 U.S. 521, 528 (2006)(internal

4

quotation marks and citation omitted).

**Due Process**

The Fourteenth Amendment prohibits any state from depriving any person of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1. "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. Baxter purchased three art instruction books. He did not receive the books. On June 13, 2013 he was given a notice of undeliverable mail from Sgt. Bryce which listed the reason as "contains nudity." When Mr. Baxter inquired about the notice he was told by staff that the nudity was only in one of the three books he had purchased. Mr. Baxter asked Sgt. Bryce on June 16, 2013 if he could

5

return the book with the nudity and keep the other two books. Sgt. Bryce said he could not let Mr. Baxter do that.

Mr. Baxter seeks compensatory damages and a permanent injunction enjoining Great Falls Regional Prison from withholding publications that do not violate publication policy simply because they arrive in the same package and/or shipment with publications that do. (Complaint, Doc. 2 at 9.)

## ANALYSIS

Mr. Baxter alleges he was wrongfully deprived of his right to freedom of speech and wrongfully deprived of his legally purchased property. He does not challenge prohibition of the book that contained nudity.[1] Rather, he challenges the denial of the books that were denied simply because they were shipped with a book containing nudity.

To determine whether a correctional institution's regulation that "impinges

---

[1] Prison policies prohibiting obscene material have been found constitutional. *See Mauro v. Arpaio*, 188 F.3d 1054, 1058–63 (9th Cir. 1999) (en banc) (determined that a jail policy prohibiting inmate possession of sexually explicit material was reasonably related to legitimate penological interests and did not violate the First Amendment); *Nelson v. Woodford*, 249 Fed. Appx. 529 (9th Cir. 2007) (affirming dismissal of California prisoner's First Amendment claim based upon prison's denial of his access to literature with depictions of frontal nudity pursuant to Cal.Code Regs. tit. 15 §§ 3006(c)(15) and (17) because regulations were reasonably related to legitimate penological interests under the *Turner* factors.).

on inmates' constitutional rights" is valid, the court must determine whether that regulation "is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. It is not obvious from the Complaint that the policy of sending back all items in a package when only one violates jail regulations is reasonably related to legitimate penological interests. Defendant Bryce will be required to file a response to Mr. Baxter's First Amendment claim. *See Ashker v. California Dept. of Corrections*, 350 F.3d 917, 922 (9th Cir. 2003) (prison must show relationship of regulation to legitimate penological interest before court will consider other factors).

Mr. Baxter also complains that he was wrongfully deprived of his legally purchased property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Complaint, Doc. 2 at 8.) Mr. Baxter has not been deprived of his property, he was simply not allowed to purchase and possess new property in prison. He was given notice that those books would be returned to the sender, presumably for a refund. Prison officials have not deprived Mr. Baxter of anything he possessed, they prohibited him from acquiring something new. Mr. Baxter's Due Process claim fails to state a claim upon which relief should be granted and should be dismissed.

It is **ORDERED:**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Bryce to waive service of summons of Mr. Baxter's Complaint by executing, or having counsel execute, a Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendant Bryce chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2). Defendant Bryce will only be required to respond to Mr. Baxter's First Amendment claim.

2. The Clerk of Court shall forward the documents listed below to:

Sgt. Darren Bryce
Great Falls Regional Prison
3800 Ulm North Frontage Road
Great Falls, MT  59404

- \*     Complaint (Doc. 2);
- \*     this Order,
- \*     a Notice of Lawsuit & Request to Waive Service of Summons; and
- \*     a Waiver of Service of Summons

Should counsel determine they do not represent Defendant, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Baxter shall not make any motion for default until at least seventy

(70) days after the date of this Order.

6. Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

7. At all times during the pendency of this action, Mr. Baxter shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Mr. Baxter's due process claims should be dismissed.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Baxter may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 23rd day of April, 2014.

                                                */s/ Keith Strong*
                                                Keith Strong
                                                United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Darren Bryce
      Great Falls Regional Prison
      3800 Ulm North Frontage Road
      Great Falls, MT 59404

      A lawsuit has been filed against you by an incarcerated pro se plaintiff. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00083-GF-DWM-RKS. The Court has completed its pre-screening and concludes that you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

      This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshals Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshals Service to personally serve you with the Complaint and may impose the full costs of such service.

                                           */s/ Keith Strong*
                                           Keith Strong
                                           United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:  The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request that he waive service of summons in the following action: *Baxter v. Bryce*, Civil Action No. CV-13-00083-GF-DWM-RKS filed in the United States District Court for the District of Montana. Defendant has also received a copy of the Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and additional copies of the complaint in this action by not requiring the following individuals be served with judicial process as provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following defendant:

_____; _____;

_____; _____;

_____  _____
DATE                    SIGNATURE

                        _____
                        PRINTED/TYPED NAME

                        _____

                        _____
                        ADDRESS