IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



FILED
MAY 12 2014
Clerk, U.S District Court
District Of Montana
Missoula

RICHARD J. BAXTER,

Plaintiff,

vs.

DARREN BRYCE,

Defendant.

CV 13-83-GF-DWM-RKS

ORDER

This matter comes before the Court on Plaintiff Richard J. Baxter's Complaint. (Doc. 2.) Magistrate Judge Keith Strong entered Findings and Recommendation on April 23, 2014, requiring Defendant Bryce to file a response to Baxter's First Amendment claim but recommending dismissal of Baxter's due process claim. (Doc. 6.)

Baxter is entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews the findings and recommendations to which he did not specifically object for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Baxter filed an objection to Judge Strong's findings and

1

recommendations on May 8, 2014. (Doc. 7.) Despite this objection, the Court agrees with Judge Strong's conclusion. The Findings and Recommendation discusses the factual and procedural background so it will not be restated here.

Baxter objects to Judge Strong's recommendation that his due process claim be dismissed. Baxter asserts that he did not have a reasonable opportunity to protest the decision to return his books to the sender. (Doc. 7 at 1.) This is a procedural due process claim. "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Co. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Here, the first and second elements are easily satisfied. Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Baxter purchased three art instruction books that the prison refused to deliver to him. (Doc. 2 at 5.) By failing to deliver Baxter's books, the government deprived Baxter of a property interest. However, Baxter has not stated a sufficient claim for procedural due process because he was not deprived of process. "It is undisputed that withhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards." *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002) (citing *Procunier v. Martinez*, 416 U.S. 396, 417–18

(1974) (overruled on other grounds)). "Specifically, an inmate 'has a Fourteenth Amendment due process liberty interest in receiving notice that his incoming mail is being withheld by prison authorities.'" *Id.* (citing *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999)). But the Ninth Circuit found in *Sorrels* that "[i]t was not the prison's rejection of [a mailed] publication that makes out a procedural due process claim; it is the lack of notice of that rejection." *Id.* In this case, Baxter received notice on June 13, 2013 that the books he ordered would not be delivered to him because one of the books contained nudity. (Doc. 2 at 5.) This notice is sufficient to satisfy the due process requirement of the Fourteenth Amendment. As a result, Baxter cannot state a due process claim.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 6) are ADOPTED.

IT IS FURTHER ORDERED that Baxter's due process claim is DISMISSED.

Dated this 19th day of May, 2014.

Donald W. Molloy, District Judge
United States District Court